## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL DAVILA, | Civil Action No. 13 – 67 |
| Plaintiff, | |
| v. | District Judge Kim R. Gibson |
| | Chief Magistrate Judge Lisa Pupo Lenihan |
| KARL KOZAK, *Denist*, | |
| | ECF No. 14 |
| Defendant. | |

## REPORT AND RECOMMENDATION

**I.        RECOMMENDATION**

For the reasons stated herein, it is respectfully recommended that Defendant Dr. Karl Kozak's Motion to Dismiss (ECF No. 14) be denied in part and granted in part.  The Motion should be denied with respect to Plaintiff's deliberate indifference claim and granted with respect to Plaintiff's simple negligence claim.  However, this action should be dismissed for Plaintiff's failure to prosecute because he has failed to keep the Court apprised of his current address and his whereabouts are currently unknown.

**II.       REPORT**

Rafael Davila ("Plaintiff") initiated this *pro se* prisoner civil rights action on March 27, 2013.  In his Complaint, he alleges that Dr. Karl Kozak ("Dr. Kozak") was negligent and deliberately indifferent to his dental needs while he was an inmate at the State Correctional Institution at Cresson.[1]

---

[1] Online public records reveal that Plaintiff is no longer incarcerated within the Pennsylvania Department of Corrections.  The Court called SCI-Greene, Plaintiff's last known place of incarceration, and was told that Plaintiff

## A. Background

The following allegations are included in Plaintiff's Complaint.

On March 22, 2011, Plaintiff submitted a sick call slip requesting dental treatment for a "cracked molar." ECF No. 3 at ¶ 1. The next day, Plaintiff was examined by Dr. Kozak, who allegedly determined that Plaintiff did not have a cracked molar. Id. at ¶ 2. Plaintiff complained that he was experiencing severe pain but Dr. Kozak would not provide him with any pain medication. Id. at ¶ 3.

Plaintiff requested dental treatment through another sick call slip submitted on April 24, 2011. Id. at ¶ 4. He complained that he was still in pain because of his cracked molar. Id. Plaintiff was examined by Dr. Kozak the following day and he again determined that Plaintiff did not have a cracked molar. Id. at ¶ 5. He told Plaintiff that he had over twenty years of experience and "knew what he was doing," and warned Plaintiff that he would be charged another $5.00 medical fee if he put in another sick call slip complaining of the same cracked molar. Id.

On December 26, 2011, Plaintiff wrote to the hygienist requesting x-rays of his teeth. Id. at ¶ 7. X-rays were taken on January 6, 2012, and they revealed that Plaintiff did have a cracked molar. Id. at ¶ 8. Dr. Kozak "fixed" Plaintiff's cracked molar on January 18, 2012, and prescribed Plaintiff with antibiotics to treat a tooth infection. Id. at ¶¶ 9, 13-14.

Plaintiff alleges that he reviewed his dental records, which show that Dr. Kozak did not document that he was in pain when he was seen on March 23, 2011. Id. at ¶ 15. Plaintiff also alleges that his dental records do not even show that he complained about a cracked molar at that

---

was paroled. However, Plaintiff did not provide the Court with an updated address after he was released. Therefore, his location is unknown.

time. Id. He alleges that Dr. Kozak failed to document that x-rays were taken of Plaintiff's teeth, or the results of the x-rays which showed the cracked molar. Id. at ¶¶ 19-20. He also complains that Dr. Kozak falsified his dental records by stating that Plaintiff received treatment for "dental cavities" when according to Plaintiff he received treatment for a "fracture" in his molar. Id. at ¶ 24.

Plaintiff alleges that the health department supervisor, Mr. Douglas Bopp, verified that Plaintiff did in fact report to sick call on March 23, 2011, and April 25, 2011, both times complaining about a "crack between two specific teeth." Id. at ¶ 16.

Plaintiff alleges that on February 1, 2012, he needed urgent attention due to unbearable pain from the molar that Dr. Kozak fixed on January 18, 2012. Id. at ¶ 26. Plaintiff was seen by Dr. Kozak that same day and prescribed medication for his pain and antibiotics to treat his tooth infection. Id. at ¶¶ 26, 28. Plaintiff alleges that Dr. Kozak again falsified his dental records by stating that Plaintiff "was not hurting from his recently repaired [ ] tooth." Id. at ¶ 27.

Plaintiff was seen by Dr. Kozak for a follow-up visit on August 8, 2012. Id. at ¶ 30. During this visit, Dr. Kozak prescribed Plaintiff additional antibiotics for a re-occurring infection and also took x-rays of Plaintiff's teeth to determine whether Plaintiff had a cavity in another tooth. Id. The x-rays revealed that Plaintiff did not. Id. Plaintiff states that Dr. Kozak falsified his dental records by failing to state that Plaintiff reported pain at this visit. Id.

Plaintiff was seen by Dr. Kozak for another follow-up visit on August 16, 2012. Id. at ¶ 31. At this time Dr. Kozak prescribed Plaintiff more antibiotics. Id. Plaintiff states that Dr. Kozak falsified his dental records again by failing to state that Plaintiff reported pain and swelling at this visit. Id.

Plaintiff was seen by Dr. Kozak on follow-up visits on August 28, 2012 and September 7, 2012. Id. at ¶ 32. Plaintiff was prescribed more antibiotics because of the re-occurring infection and asked to consult with the oral surgeon. Id. Plaintiff alleges that he was seen by the oral surgeon on September 18, 2012, at which time a wisdom tooth was extracted. Id. at ¶ 33. He claims that the infection has not re-occurred since that time. Id.

Plaintiff alleges that he exhausted his administrative remedies with respect to his claims that Dr. Kozak was negligent and deliberately indifferent to his dental needs. Although he did not attach any grievances or responses thereto, he does note that his grievance appeal to the Facility Manager was denied on February 9, 2012, on the ground that Dr. Kozak identified a need for a filling on March 23, 2011, but that Plaintiff did not need any treatment at that time. Id. at ¶¶ 34-35.

Plaintiff states that Dr. Kozak never documented that Plaintiff complained of pain on any of his visits, nor did he ever document that Plaintiff had x-rays taken that revealed the cracked molar. Id. at ¶ 36.

**B. Standard of Review**

Defendant filed a Motion to Dismiss the Complaint for Plaintiff's failure to state a clam upon which relief can be granted. In considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in Twombly and Ashcroft v. Iqbal, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Iqbal, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." Id. at 210-11; *see also* Malleus, 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. Fowler, 578 F.3d at 212; *see also* Guirguis v. Movers

Specialty Servs., Inc., 346 F. App'x. 774, 776 (3d Cir. 2009). In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. Twombly, 550 U.S. at 563 n.8.

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

**C. Discussion**

Dr. Kozak moves to dismiss the Complaint for Plaintiff's failure to state a claim for deliberate indifference to his dental needs and also because he is entitled to immunity from Plaintiff's negligence claim.

1. <u>Deliberate Indifference to a Serious Medical Need</u>.

In order to state such a claim, a plaintiff must demonstrate two elements: (1) he was suffering from a "serious medical need," and (2) prison officials were deliberately indifferent to

6

the serious medical need. Gamble v. Estelle, 439 U.S. 897 (1978). The first showing requires the court to objectively determine whether the medical need was "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988). The second prong requires the court to subjectively determine whether the officials acted with a sufficiently culpable state of mind. Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993).

Plaintiff alleges that Dr. Kozak was deliberately indifferent to his dental needs. He alleges that Dr. Kozak did not diagnose him with having a cracked molar on March 23, 2011 or April 25, 2011; did not provide him with pain medication; did not accurately document his complaints in his dental records or the fact that x-rays were taken of his teeth; falsified his dental records by stating that Plaintiff did not report pain and swelling; and did not adequately treat his re-occurring tooth infection. These allegations, taken as true, state a plausible claim for relief under the Eighth Amendment. However, the undersigned notes that the Complaint provides some indication that Dr. Kozak initially identified the presence of a cavity during Plaintiff's March 23, 2011 examination but determined that it did not require immediate treatment perhaps because Plaintiff indicated that he was not in pain at that time. Therefore, it may be that Plaintiff simply disagreed with Dr. Kozak's medical judgment regarding treatment of his cavity, which does not give rise to a constitutional violation. *See* White v. Napoleon, 897 F.2d 103, 110 (3d

7

Cir. 1990) (citations omitted); Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992) (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983). However, at this stage of the proceedings it is unclear that was the case. The Motion should therefore be denied.

2. Negligence

Plaintiff asserts a negligence claim in his Complaint but he does not specify whether it is a claim for simple negligence or one for professional negligence. Dr. Kozak construes the Complaint as raising a simple negligence claim because Plaintiff did not submit a Certificate of Merit as required under Pennsylvania law when raising a professional negligence claim for medical malpractice. See Pa. R. Civ. P. 1042.3. He moves to dismiss the simple negligence claim pursuant to the Sovereign Immunity Act.

Sovereign immunity bars claims asserted against the Commonwealth, its agencies, and employees acting within the scope of their employment. See 1 Pa.C.S. § 2310. It applies to claims asserted against a Commonwealth defendant in his individual capacity and to intentional and negligent torts. See Story v. Mechling, 412 F. Supp. 2d 509, 519 (W.D. Pa. 2006)

There are nine exceptions to sovereign immunity. Sovereign immunity is not a valid defense in cases for damage caused by: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa.C.S. § 8522.

Plaintiff did not submit a Certificate of Merit as required for purposes of maintaining a medical malpractice claim and he did not specify in his Complaint that he is in fact raising a

professional negligence claim. Because simple negligence is not one of the enumerated exceptions to sovereign immunity, Dr. Kozak's Motion to Dismiss should be granted on this ground.

While the undersigned would ordinarily recommend that Plaintiff be allowed to amend his Complaint in order to specify whether or not he is actually raising a professional negligence claim, it is not recommended in this case because doing so would be futile. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); *see also* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile). Because Plaintiff has failed to provide the Court with a current address, and his whereabouts are unknown, it is instead recommended that this case be dismissed for Plaintiff's failure to prosecute, as discussed below.

**D. Failure to Prosecute**

As noted in footnote 1 of this Report, Plaintiff is no longer incarcerated. His last known address of record is SCI-Greene and the Court called to confirm that he is no longer in custody at that facility or any other facility within the Pennsylvania Department of Corrections. However, Plaintiff has not provided the Court with an updated address and therefore has no idea how to contact him. For this reason, it is respectfully recommended that this action be dismissed for his failure to prosecute.

A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School

Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. The responsibility for his failure to keep the Court apprised of his current address is his alone.

2. Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Dr. Kozak has suffered prejudice because he was required to respond to the Complaint, and, in response, prepared and filed a Motion to Dismiss. Thus, he has been waiting for this case to proceed.

10

3. A history of dilatoriness.

While there is no history of dilatoriness on Plaintiff's part, it appears that he intended to abandon this case because he did not bother to file a change of address after he was released from incarceration. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case.

4. Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

5. Alternative sanctions.

Plaintiff is proceeding *pro se* and *in forma pauperis*. Thus, it is likely that any sanction imposing costs or fees upon him would be ineffective. Moreover, Plaintiff's location is unknown.

6. Meritorious of the claim or defense.

The undersigned has recommended that the Court deny in part and grant in part Dr. Kozak's Motion to Dismiss. Plaintiff has stated a plausible claim for deliberate indifference to his serious dental needs but without further discovery it is difficult to determine whether or not his claim is meritorious. This factor weighs neither for nor against dismissal.

The majority of the Poulis factors weigh in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute.

### III. CONCLUSION

For the aforementioned reasons, it is respectfully recommended that Defendant Dr. Karl Kozak's Motion to Dismiss (ECF No. 14) be denied in part and granted in part. The Motion should be denied with respect to Plaintiff's deliberate indifference claim and granted with respect

to Plaintiff's simple negligence claim. However, this action should be dismissed for Plaintiff's failure to prosecute because he has failed to keep the Court apprised of his current address and his whereabouts are currently unknown.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: February 4, 2014.

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge


cc: Rafael Davila
    179 Progress Drive
    Waynesburg, PA 15370
    *Via First Class Mail*

    Counsel of Record
    *Via ECF Electronic Mail*